UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ZACHARY B., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-cv-04100-SLD-RLH |
| ) | |
| FRANK J. BISIGNANO, Commissioner of ) | |
| Social Security ) | |
| ) | |
| Defendant. ) | |

ORDER

Plaintiff Zachary B.'s application for disability insurance benefits and supplemental security income was denied, as was his request for reconsideration. Report and Recommendation ("R&R") 2, ECF No. 17. Plaintiff's requested hearing before an Administrative Law Judge ("ALJ") resulted in an unfavorable decision for Plaintiff. *Id.* at 3–8. The Appeals Council "took no review" of the ALJ's decision, rendering the ALJ's decision Defendant Commissioner of Social Security's final decision. Compl. ¶ 4, ECF No. 1. Plaintiff then timely filed the Complaint in this action, seeking judicial review of the ALJ's decision. R&R 8. Before the Court are Plaintiff's Opening Brief, ECF No. 9, Defendant's Brief, ECF No. 13, Plaintiff's Reply Brief, ECF No. 16, and United States Magistrate Judge Ronald L. Hanna's R&R, which recommends that Plaintiff's request to reverse and remand Defendant's unfavorable decision be granted.

When a magistrate judge considers a pretrial matter dispositive of a party's claim or defense, he must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1). Parties may object within fourteen days of being served with a copy of the recommended disposition. *Id.* 72(b)(2). The district judge considers *de novo* the portions of the recommended disposition that were

1

properly objected to, and may accept, reject, or modify the recommended disposition, or return it to the magistrate judge for further proceedings. *Id.* 72(b)(3). If no objection, or only partial objection, is made, the district judge reviews the unobjected portions of the recommendation for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Neither party has objected to any portion of Judge Hanna's R&R, so the Court reviews it for clear error only. The Court notes that Judge Hanna's review was limited to determining only whether the ALJ applied the correct legal standard and whether substantial evidence supports the ALJ's decision. *See Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation marks omitted). The ALJ does not have "to provide a complete and written evaluation of every piece of testimony and evidence, but must build a logical bridge from the evidence to his conclusion." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (quotation marks omitted). Should the ALJ fail to "articulate some legitimate reason for" his conclusion, the decision is not supported by substantial evidence. *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), *as amended* (Dec. 13, 2000).

After reviewing the R&R, the parties' pleadings and briefing, the record, and the applicable law, the Court finds no clear error. The ALJ's speculation that a state agency medical consultant made a clerical error in finding that Plaintiff was limited to sedentary work was not supported by substantial evidence. *See* R&R 5–6, 15–16. Accordingly, the R&R, ECF No. 17, is ADOPTED. The Commissioner's decision denying Plaintiff's application for disability insurance benefits and supplemental security income is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g). The Clerk is directed to enter judgment and close the case.

Entered this 20th day of June, 2025.

                                                s/ Sara Darrow
                                              SARA DARROW
                            CHIEF UNITED STATES DISTRICT JUDGE