UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ZACHARY A. B., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:24-cv-04100-SLD-RLH ) |
| FRANK BISIGNANO, | ) ) ) |
| Defendant. | ) |

ORDER

Before the Court is Plaintiff Zachary A. B. and Defendant Commissioner of Social Security Frank Bisignano's ("the Commissioner") Joint Motion to Award Attorney Fees and Expenses, ECF No. 20. The parties request that the Court award Zachary $8,925.63 in fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), which provides that a court must award fees and expenses to a prevailing party in any civil action brought by or against the United States. Joint Mot. 1. For the reasons that follow, the motion is GRANTED.

BACKGROUND

Zachary filed this suit in June 2024 seeking judicial review of the Commissioner's final decision denying his claims for disability insurance benefits and supplemental security income. Compl., ECF No. 1. U.S. Magistrate Judge Ronald L. Hanna entered a report and recommendation ("R&R") recommending that the Court reverse and remand the Commissioner's unfavorable decision. R&R, ECF No. 17. No objections were filed to the R&R. The Court adopted the R&R, reversed the Commissioner's decision denying Zachary benefits, and remanded the case for further administrative proceedings. *See generally* June 20, 2025 Order, ECF No. 18. Judgment was entered on June 23, 2025. Judgment, ECF No. 19. The joint motion

1

for fees was filed on September 10, 2025. *See* Joint Mot. 1. At the Court's direction, Nov. 18, 2025 Text Order, Zachary submitted additional documents in support of the request for EAJA fees. *See* Duncan Aff., ECF No. 21.

## DISCUSSION

I.     **Attorney's Fees Under the EAJA**

Under the EAJA, a successful litigant against the federal government is entitled to recover her attorney's reasonable fees if: (1) she is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) she filed a timely application with the district court. 28 U.S.C. § 2412(d)(1); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Zachary is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in his favor and his case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

The next question is whether Zachary's request for attorney's fees is timely. Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within 30 days of final judgment in the action. In Social Security cases involving a remand, the filing period for attorney's fees does not begin until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become

2

unappealable and final. *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended."). The joint motion was filed within 30 days of when the time to appeal expired, *see* Fed. R. App. P. 4(a)(1)(B) (providing that either party has sixty days to appeal in a case involving the United States or a United States officer), so it was timely.

The next issue is whether the government's position was "substantially justified." EAJA fees may be awarded if either the Commissioner's litigation position or his pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and his legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Critically, the Commissioner has the burden of proving that his position was substantially justified. *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Here, the Commissioner joins in the request for EAJA fees, so he cannot be said to have met his burden of establishing that both his litigation position and his pre-litigation conduct were substantially justified.

Finally, no special circumstances exist that would make an award of attorney's fees unjust. Therefore, Zachary is entitled to recover reasonable attorney's fees under the EAJA.

## II.     Reasonableness of Zachary's Attorney's Fees

It is a successful litigant's burden to prove that the attorney's fees she requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id*. at 433. The rate is calculated with reference to prevailing market rates and capped at $125 per hour unless the court determines that "an increase in the cost of living or a special factor, such as the limited

availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate . . . . may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

To determine the appropriate number of hours worked, the Court turns to Zachary's attorney's time record. *See* Time Record, ECF No. 21-2. This shows that Zachary's attorney spent 30.60 hours on the case and that a paralegal spent 20.85 hours on the case. *Id.* at 1–2. "Fees for work done by paralegals can be awarded under the fee-shifting provision of the EAJA." *Krecioch*, 316 F.3d at 687. The Court finds that all 51.45 hours were appropriately billed. *Cf. Kinsey-McHenry v. Colvin*, Cause No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh Circuit have found 40 to 60 hours expended on a Social Security appeal reasonable).

Despite being specifically directed to do so, *see* Nov. 18, 2025 Text Order, Zachary does not identify the rate at which the requested fees were calculated, *see* Duncan Aff. ¶ 4. Most of the attorney work in this matter was completed in 2024. *See* Time Record 2. According to the tables Zachary provides, the CPI for Chicago-Gary-Kenosha in March 1996, when the $125 per hour rate was set, was 156.3. CPI Chicago-Gary-Kenosha through 2017, ECF No. 21-4. The average CPI for Chicago-Gary-Kenosha in 2024 was 292.225. CPI Chicago-Gary-Kenosha 2015 through 2025, ECF No. 21-5. The CPI had increased by a factor of 1.87, so an increase of the $125 hourly limit to $233.75 would be warranted. *See, e.g.*, *Booker v. Colvin*, No. 09 C 1996,

4

2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013) (using this method for calculating what rate above the statutory ceiling might be authorized).  Zachary's counsel's own affidavit provides ample support that a rate of $233.75 is below market rate.  *See* Duncan Aff. ¶¶ 3, 12, 16.  Zachary's counsel states that, according to a paralegal compensation survey report, the average hourly paralegal rate in 2024 was $134 per hour.  Duncan Aff. ¶ 26.  This is a nationwide amount, *see* NALA Report 2, ECF No. 21-6, so it is not necessarily probative of the prevailing market rate for *this* paralegal.  Courts in this circuit have found paralegal rates up to $125 per hour reasonable in EAJA cases.  *See Aaron T. v. O'Malley*, No. 4:24-cv-04046-SLD-JEH, 2024 WL 4445059, at *4 (C.D. Ill. Oct. 8, 2024) (citing cases).  If the Court calculated fees using a rate of $233.75 for the attorney time and $125 for the paralegal time, it would yield a total award of $9,759, which exceeds the amount requested of $8,925.63.  Accordingly, the requested amount is reasonable and complies with the EAJA.

## CONCLUSION

Accordingly, the Joint Motion to Award Attorney Fees and Expenses, ECF No. 20, is GRANTED.  Plaintiff Zachary A. B. is awarded $8,925.63 in EAJA fees.  This amount may be offset to satisfy any pre-existing debt that Zachary owes to the United States.  *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010).  Zachary has assigned his EAJA fees to his attorney.  *See* Fee Assignment, ECF No. 21-1.  Thus, if Defendant Commissioner of Social Security Frank Bisignano can verify that Zachary does not owe a pre-existing debt to the United States subject to offset, the Commissioner shall direct payment of the award to attorney Dana W. Duncan.  *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421.  If payment is mailed rather than electronically deposited, the Commissioner will instruct the U.S. Department of the Treasury that any check be made payable

to Zachary and mailed to attorney Dana W. Duncan's address of record: Duncan Disability Law, S.C., 555 Birch Street, PO Box 217 Nekoosa, WI 54457.

Entered this 5th day of February, 2026.

s/ Sara Darrow
_____
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
